In re The FURNITURE SHOP, INC., Debtor.

COMMERCIAL NATIONAL BANK, Plaintiff,

v.

The FURNITURE SHOP, INC., Defendant.

Adv. No. 83–0045.
Bankruptcy No. 82–01854.

United States Bankruptcy Court, N.D. Ohio, W.D.

March 11, 1983.

John T. Barga, Tiffin, Ohio, for plaintiff.

John J. Hunter, Thomas J. Schank, Toledo, Ohio, for defendant.

## ORDER

WALTER, J. KRASNIEWSKI, Bankruptcy Judge.

This matter came on for trial on February 22, 1983 on the Complaint of Commercial National Bank against Debtor to prohibit or condition its use, sale, or lease of property. The Court finds that Plaintiff has failed to prove a perfected security interest in the collateral in question and, therefore, is not entitled to protection under 11 U.S.C. § 363(e).

This matter was commenced on January 17, 1983 by Plaintiff's complaint alleging that Debtor breached a contract with Plaintiff by failing to live up to the terms of an oral agreement relating to Debtor's use of certain collateral in which Plaintiff claimed a security interest.

In conjunction with its complaint Plaintiff sought a preliminary injunction against Debtor's use, sale or lease of property in which Plaintiff claimed an interest. It appeared from the evidence adduced at a hearing held February 15, 1983 that Debtor, since the filing of its petition under Chapter 11 of the Bankruptcy Code, had continued to use, sell or lease cash collateral as defined in 11 U.S.C. § 363(a), without having obtained the consent of Plaintiff, who claimed an interest in the collateral, and without the prior authorization of this Court as required by 11 U.S.C. § 363(c)(2). The Court further found that Plaintiff, by virtue of Debtor's use of the cash collateral as operating capital for its business, was suffering a continuing loss in the value of its security. Finally, the Court found that Debtor had failed to segregate and account for any cash collateral in its possession, custody, or control as required by 11 U.S.C. § 363(c)(4).

As a result, on February 18, 1983, the Court entered a preliminary injunction, pursuant to Rule 65(a) Fed.R.Civ.P., against any continued use of cash collateral by Debtor and further ordered that Debtor segregate and account for any cash collateral in its possession, custody, or control. The Court further granted Plaintiff leave to amend its complaint to state a claim under § 363. Last of all, a hearing on the merits of Plaintiff's Complaint was set for February 22, 1983.

The only issue tried on February 22, 1983 was the propriety, under 11 U.S.C. § 363(e), of a prohibition against Debtor's use, sale, or lease of property in which Plaintiff claimed an interest. As a result of the stipulations of the parties and the evidence adduced at trial, the Court makes the following findings of fact:

1.) Debtor executed a note to Plaintiff in the amount of $168,000.00 on November 12, 1980. The amount of principal and accrued interest due on this note totalled $181,857.98 as of February 16, 1983. Stephen W. Keller and Charlotte R. Keller, President and Secretary respectively of the Debtor corporation, signed the note on behalf of Debtor and also signed the note in their individual capacities as co-makers.

2.) Also, on November 12, 1980, Debtor signed a security agreement granting Plaintiff a security interest in its "equipment, furniture, fixtures, inventory, accounts receivable, now owned and hereafter acquired" located at its retail furniture business in Tiffin, Seneca County, Ohio.

3.) To secure the above indebtedness, Debtor gave Plaintiff a mortgage on its real property in Seneca County, Ohio. Plaintiff's mortgage is the first and best lien on the property which presently has a fair market value of $92,500.00.

4.) On May 8, 1982 Debtor executed a note in the amount of $46,500.00 payable to Plaintiff. The principal and interest due on the above note totals $52,809.30 as of February 16, 1983. In conjunction with this note, Plaintiff took a security interest in all

of Debtor's inventory and accounts receivable at its Tiffin store.

5.) Unsigned, unauthenticated copies of financing statements which Plaintiff asserts perfected the above security interests were offered into evidence by Plaintiff but ruled inadmissible by the Court. Stephen W. Keller, Debtor's President, had some recollection of signing financing statements.

## DISCUSSION

■ The only issue tried in this case is whether Plaintiff is entitled to adequate protection of its security interest under 11 U.S.C. § 363(e) which provides, in part, as follows:

> Notwithstanding any other provision of this section, at any time, on request of an entity that has an interest in property used, sold, or leased, or proposed to be used, sold, or leased, by the trustee, the court shall prohibit or condition such use, sale, or lease as is necessary to provide adequate protection of such interest.

More particularly, the Court was called upon to determine the extent to which Plaintiff was entitled to an injunction against Debtor's continued use of "cash collateral" as defined in § 363(a) of the Bankruptcy Code. It is the Court's determination that Plaintiff, having failed to prove a perfected security interest in Debtor's equipment, furniture, fixtures, inventory, and accounts receivable, is not, for purposes of § 363(e), "an entity that has an interest in property" and therefore not entitled to an injunction against this Chapter 11 Debtor in Possession's use of the proceeds of this collateral.

■ Although Plaintiff took a security interest in the collateral in question, the evidence submitted failed to show adequate proof that the security interest was perfected under the law of Ohio by virtue of Plaintiff filing, in appropriate places, a legally sufficient financing statement. For the type of collateral involved § 1309.-38(A)(3) R.C. (UCC 9–401) requires that a financing statement must be filed with the secretary of state and in the office of the county recorder in which debtor has its place of business. Furthermore, § 1309.-39(A) R.C. (UCC 9–402) requires that, to be sufficient, a financing statement be signed by the debtor. The evidence submitted was insufficient to prove either the filing or, even if there was a filing in the appropriate places, that the financing statements in question were signed.

Plaintiff offered into evidence unauthenticated copies of financing statements in an attempt to prove that it had a perfected security interest in the collateral in question. The Court, however, found these inadmissible upon Debtor's objection since, with regard to authentication, there was nothing in evidence to show that the public records in question were from the public office where items of this nature are kept. Fed.R.Evid. 901(a) and 901(b)(7). In this regard the Court found the testimony of Plaintiff's loan officer that such documents were filed insufficient. If in fact these documents were authentic this could have been easily proved by submitting certified copies thereof. Fed.R.Evid. 902(4).

In addition, only copies of financing statements were submitted. These were held inadmissible under Fed.R.Evid. 1002 which requires the original of a writing to be submitted to prove its contents. Again, this defect would have easily been remedied by introducing certified copies of these documents if they exist. Fed.R.Evid. 1005.

Finally, the problem of admissibility aside, the documents offered were not signed, and therefore the financing statements are, in any event, insufficient under § 1309.39(A) R.C. The Court so finds notwithstanding corporate Debtor's President's testimony that he may have signed some financing statements at the closing of the loan in question. In sum, the evidence is insufficient to show that Plaintiff has a perfected security interest in the collateral in question.

The Court is convinced that Plaintiff, as against this Debtor in Possession armed with the Trustee's avoiding powers, should not be entitled to an injunction against

Debtor's use of cash collateral. For the purpose of § 363(e) relief, Plaintiff has failed to introduce sufficient evidence of the perfection of its security interest. Continued use of the collateral in question and its proceeds is vital to the business of the Debtor and its chances for a successful reorganization. For purposes of 11 U.S.C. § 363(e), Plaintiff has failed to show that it is an entity with an interest in the property involved. For the foregoing reasons, it is hereby,

ORDERED that the preliminary injunction entered February 18, 1983 be, and hereby is, dissolved. It is further,

ORDERED that Plaintiff's Complaint be, and hereby is, dismissed.